GARY L. RAINSDON
BANKRUPTCY TRUSTEE
P.O. BOX 506
TWIN FALLS, ID  83303
PHONE:  (208) 734-1180
FAX:  (208) 734-2783
trustee@filertel.com

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In Re: ) | BANKRUPTCY CASE NO. 19-40683-JMM |
| ) | (Chapter 7) |
| PETER MICHAEL LESBO, ) | |
| ) | |
| Debtor. ) | |
| ) | ADVERSARY PROCEEDING NO. 20-08020-JMM |
| GARY L. RAINSDON, Trustee ) | |
| Plaintiff, ) | |
| vs. ) | |
| Peter Michael Lesbo, ) | |
| Defendant. ) | |

**Trustee's Pretrial Memorandum**

COMES NOW THE PLAINTIFF, Gary L. Rainsdon, Trustee ("Plaintiff") and in support of his Complaint Objecting to the Discharge of Debtor [11 U.S.C. § 727(a)], filed against Peter Michael Lesbo ("Defendant"), states the following:

### A. FACTS

1. The Defendant filed for Chapter 7 Bankruptcy relief on July 22, 2019, and Plaintiff was appointed to serve as Trustee in the case.

2. Plaintiff moved for and was granted a Turnover Order requiring turnover of "Copies of bank statements for all accounts of any kind covering the period of January 1, 2018 to the

present, annotated to identify sources of all deposits and use of all withdrawals of $500 or more." See Docket Nos. 34 & 39.

3. At one of the Continued Meetings of Creditors, Defendant's attorney informed Plaintiff of the existence of additional financial institution accounts of which Plaintiff was previously unaware and which are not identified in the Schedules. Plaintiff has searched his records again, during the drafting of this memo, and believes Defendant still has not provided the following statements, along with the required annotations:

- Wells Fargo Personal x7074
    - Have statements for 6/13/19 – 8/12/19 (Statements not annotated)
    - Need annotated statements for January 2018 – June 13, 2019, and August 12, 2019 – Present

- Wells Fargo Credit Card
    - Need annotated statements for January 2018 through Present

- Navy Federal Personal checking x9706, and savings x9003
    - Have statements for 6/16/18 – 6/15/19 (Statements not annotated)
    - Need annotated statements for January 2018 – June 15, 2018, and June 16, 2019 – Present

- Navy Federal CC x6422
    - Have statements for 2/12/19 – 7/11/19 (Statements not annotated)
    - Need annotated statements for January 2018 – February 12, 2019, and July 11, 2019 – Present

- Chase Business x4481
    - Have statements for 6/1/19 – 7/31/19 (Statements not annotated)
    - Need annotated statements for January 2018 – June 1, 2019, and July 31, 2019 – Present

- Chase Business Credit Card (Prime) x6571
    - Have statements for 3/28/19 – 4/27/19 (Statements are partially annotated)
    - Need annotated statements for January 2018 – March 28, 2019, and April 27, 2019 – Present

- Chase Business Ink x8394
    - Have statements for 3/07/19 – 7/06/19 (Statements are partially annotated)
    - Need annotated statements for January 2018 – March 07, 2019, and July 06, 2019 – Present

- Chase Slate x2043
    - Have statements for 3/16/19 – 7/15/19 (Statements not annotated)
    - Need annotated statements for January 2018 – March 16, 2019, and July 15, 2019 – Present

- Bank of America Personal
    - Need annotated statements for January 2018 through present

4. The Defendant still has not turned over the required bank statements, and identification of the sources of all deposit and uses of all withdrawals of $500.00 or more.

## B. LEGAL AUTHORITY

Plaintiff relies on 11 U.S.C. § 521(a)(4), 11 U.S.C. § 727(a)(4) & (6), *In re Leiser* 2014 WL 3548929, at *3–4 (Bankr. D. Idaho 2014), and *In Re Espinoza* 03.3 IBCR 185 (Bankr. D. Idaho 2003), to support the complaint.

11 U.S.C. § 521(a)(4) requires the debtor to surrender to the trustee all property of the estate and records. 11 U.S.C. § 727(a)(4) allows for denial or revocation of discharge if a debtor knowingly and fraudulently withholds recorded information from an officer of the estate (including the trustee). 11 U.S.C. § 727(a)(6) includes the penalty of discharge withholding or revocation if the debtor refuse to obey lawful orders of the court.

The Espinoza case expresses that discharge may be denied, under 11 U.S.C. § 727(a)(4), if the debtor withholds recorded information (books and records). See *In Re Espinoza* 03.3 IBCR 185 (Bankr. D. Idaho 2003)

The Leiser case demonstrates that the debtor needs to obey lawful orders. To obtain denial of discharge under 11 U.S.C. § 727(a)(6), the trustee must demonstrate that an order is lawful, i.e. "the court had jurisdiction over the subject matter and the person to which it was issued." Further, since denial of discharge is weighed favoring the debtor, the Trustee must show, by preponderance, that the debtor was aware of the order, and willfully failed to obey it,

through something more than mistake or inability to comply. See *In re Leiser* 2014 WL 3548929, at *3–4 (Bankr. D. Idaho 2014).

### C. APPLICATION TO THE PRESENT CASE

The Bankruptcy Court has jurisdiction over the Defendant and this matter. Defendant filed a voluntary petition for bankruptcy relief, and thereby subjected himself and his actions to the jurisdiction of this Court, under 28 U.S.C. §§ 1334(b) and 157(b)(2)(E) and (J).

Defendant had knowledge of the turnover motion and order. Both the motion and order were mailed to Defendant at the address he designated. Mail, sent by Plaintiff/Trustee to Defendant during the bankruptcy estate, has not been returned undeliverable. Additionally, Defendant's attorney received notice through the ECF system.

Defendant willfully failed to obey the order. Plaintiff, in his role as Trustee, made verbal and written requests for turnover of the bank statements. Several times, Defendant and his attorney expressed that they were working on providing the documents, and did provide some of the documents. Even after nearly a year had passed since the bankruptcy filing, Defendant, through his attorney, expressed to plaintiff that they were gathering and planning to provide the documents. The only issue raised by Defendant, in response to the adversary complaint, was that "the Trustee does not like the format, detail or specificity of information provided." See Docket No 5. Plaintiff believes Defendant is referencing that Trustee declined to expose Trustee's computer system to a non-secure internet site to retrieve download documents, which were alleged to have been placed there by Defendant. However, Defendant, through counsel, acknowledged the ability to use the secure document portal provided by the Trustee's software supplier, which nearly all debtor attorneys, including Defendant's counsel, use to supply documents to Trustee. Additionally, since the time of the polite requests, turnover motion,

turnover order, letter informing of a potential adversary complaint, actual complaint filing, and many months since, Defendant still has not supplied the required documents to Plaintiff/Trustee.

### D.  CONCLUSION

Because the Defendant refused to obey a lawful order of this Court, Plaintiff believes the Defendant's discharge should be denied and judgment should be entered against Defendant in the amount of $350.00, and for such other remedies as this Court finds Just.

Dated, October 21, 2020.

/s/
Gary L. Rainsdon, Plaintiff/Trustee

## **CERTIFICATE OF MAILING**

     I hereby certify that on October 21, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- US Trustee    ustp.region18.bs.ecf@usdoj.gov
- Kameron M Youngblood    ylocourtnotice@gmail.com, G29963@notify.cincompass.com

     AND I FURTHER CERTIFY that on such date I served the foregoing on the following non- CM/ECF Registered Participants in the manner indicated:
     Via First Class mail, postage prepaid addressed as follows:

Peter Michael Lesbo
1055 Blue Lakes Blvd.
Twin Falls, ID  83301

Via certified mail, return receipt requested, addressed as follows:

None

     By:   /s/
     Gary L. Rainsdon,
     Plaintiff/Trustee